UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENJAMIN J. KOZIK, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

HAMILTON COLLEGE,

        Defendant.

**ANSWER**

Civil Action No.:
6:12-CV-01870 (LEK/TWD)

Defendant Hamilton College, by and through its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint as follows:

1. DENIES the allegations contained in paragraph 1 of the Complaint.

2. DENIES the allegations contained in paragraph 2 of the Complaint.

3. DENIES the allegations contained in paragraph 3 of the Complaint.

4. DENIES the allegations contained in paragraph 4 of the Complaint.

5. DENIES the allegations contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, ADMITS that this Court has subject matter jurisdiction, but DENIES that plaintiff has a claim or is entitled to any relief, and DENIES that this is a proper case for the Court to exercise supplemental jurisdiction over plaintiff's purported state law claims.

7. With respect to the allegations contained in paragraph 7 of the Complaint, ADMITS that this Court has subject matter jurisdiction over plaintiff's purported claims under the FLSA, but DENIES that plaintiff has a claim or is entitled to any relief.

8. With respect to the allegations contained in paragraph 8 of the Complaint, ADMITS that this Court has subject matter jurisdiction, but DENIES that plaintiff has a claim or is entitled to a declaratory judgment or any other relief.

9. With respect to the allegations contained in paragraph 9 of the Complaint, ADMITS that venue is proper in the Northern District of New York, but DENIES that plaintiff has a claim or is entitled to any relief.

10. ADMITS the allegations contained in paragraph 10 of the Complaint.

11. DENIES the allegations contained in paragraph 11 of the Complaint.

12. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. ADMITS that Plaintiff was an Intern from August 1, 2010 until he left the College on October 19, 2012.

14. DENIES the allegations contained in paragraph 14 of the Complaint, except ADMITS that Plaintiff was an Intern in the College's football program and, for one season, was an Intern in the College's women's basketball program.

15. DENIES the allegations contained in paragraph 15 of the Complaint.

16. DENIES the allegations contained in paragraph 16 of the Complaint.

17. DENIES the allegations contained in paragraph 17 of the Complaint.

18. DENIES the allegations contained in paragraph 18 of the Complaint.

19. DENIES the allegations contained in paragraph 19 of the Complaint.

20. DENIES the allegations contained in paragraph 20 of the Complaint.

21. With respect to the allegations contained in paragraph 21 of the Complaint, Defendant DENIES that it was under any legal obligation to keep such records, and thus DENIES that Defendant did not keep records required to be kept.

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant DENIES that it was under any obligation to pay spread-of-hours pay, and thus DENIES that it did not pay any required spread-of-hours pay.

23. With respect to paragraph 23 of the Complaint, ADMITS that Hamilton College is a not-for-profit education corporation organized and existing under the laws of the State of New York.

24. ADMITS the allegations contained in paragraph 24 of the Complaint.

25. DENIES the allegations contained in paragraph 25 of the Complaint, except ADMITS that Hamilton has the power to hire and fire employees, direct their work, set their wages, retain time and/or wage records, and control the terms and conditions of their employment.

26. DENIES the allegations contained in paragraph 26 of the Complaint.

27. DENIES the allegations contained in paragraph 27 of the Complaint.

28. DENIES the allegations contained in paragraph 28 of the Complaint.

29. DENIES the allegations contained in paragraph 29 of the Complaint.

30. DENIES the allegations contained in paragraph 30 of the Complaint.

31. DENIES the allegations contained in paragraph 31 of the Complaint.

32. DENIES the allegations contained in paragraph 32 of the Complaint.

33. DENIES the allegations contained in paragraph 33 of the Complaint.

34. DENIES the allegations contained in paragraph 34 of the Complaint.

35. DENIES the allegations contained in paragraph 35 of the Complaint.

36. DENIES the allegations contained in paragraph 36 of the Complaint.

37. DENIES the allegations contained in paragraph 37 of the Complaint.

2112275.2

38. DENIES the allegations contained in paragraph 38 of the Complaint.

39. DENIES the allegations contained in paragraph 39 of the Complaint.

40. DENIES the allegations contained in paragraph 40 of the Complaint.

41. DENIES the allegations contained in paragraph 41 of the Complaint.

42. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. DENIES the allegations contained in paragraph 43 of the Complaint.

44. DENIES the allegations contained in paragraph 44 of the Complaint.

45. With respect to paragraph 45 of the Complaint, ADMITS that Hamilton currently has 29 different varsity sports programs, a number of which have at least one Intern, and ADMITS that there is a Sports Information Intern.

46. DENIES the allegations contained in paragraph 46 of the Complaint.

47. DENIES the allegations contained in paragraph 47 of the Complaint.

48. DENIES the allegations contained in paragraph 48 of the Complaint.

49. DENIES the allegations contained in paragraph 49 of the Complaint.

50. DENIES the allegations contained in paragraph 50 of the Complaint.

51. DENIES the allegations contained in paragraph 51 of the Complaint.

52. DENIES the allegations contained in paragraph 52 of the Complaint.

53. DENIES the allegations contained in paragraph 53 of the Complaint.

54. DENIES the allegations contained in paragraph 54 of the Complaint.

55. DENIES the allegations contained in paragraph 55 of the Complaint.

56. DENIES the allegations contained in paragraph 56 of the Complaint, except ADMITS that Plaintiff was an Intern from August 1, 2010 to October 19, 2012, when he left the College.

57. DENIES the allegations contained in paragraph 57 of the Complaint.

58. DENIES the allegations contained in paragraph 58 of the Complaint.

59. DENIES the allegations contained in paragraph 59 of the Complaint.

60. DENIES the allegations contained in paragraph 60 of the Complaint.

61. DENIES the allegations contained in paragraph 61 of the Complaint.

62. DENIES the allegations contained in paragraph 62 of the Complaint.

63. DENIES the allegations contained in paragraph 63 of the Complaint.

64. DENIES the allegations contained in paragraph 64 of the Complaint.

65. DENIES the allegations contained in paragraph 65 of the Complaint, and DENIES that the College was required to pay Plaintiff overtime pay or spread-of-hours pay.

66. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. DENIES the allegations contained in paragraph 67 of the Complaint.

68. DENIES the allegations contained in paragraph 68 of the Complaint.

69. DENIES the allegations contained in paragraph 69 of the Complaint.

70. DENIES the allegations contained in paragraph 70 of the Complaint.

71. DENIES the allegations contained in paragraph 71 of the Complaint.

72. DENIES the allegations contained in paragraph 72 of the Complaint.

73. DENIES the allegations contained in paragraph 73 of the Complaint.

74. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, except ADMITS that there was a football camp at Cornell University on July 21, 2012.

75. DENIES the allegations contained in paragraph 75 of the Complaint.

76. DENIES the allegations contained in paragraph 76 of the Complaint.

77. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. DENIES the allegations contained in paragraph 79 of the Complaint.

80. DENIES the allegations contained in paragraph 80 of the Complaint.

81. DENIES the allegations contained in paragraph 81 of the Complaint.

82. DENIES the allegations contained in paragraph 82 of the Complaint.

83. ADMITS the allegations contained in paragraph 83 of the Complaint.

84. DENIES the allegations contained in paragraph 84 of the Complaint.

85. DENIES the allegations contained in paragraph 85 of the Complaint.

86. DENIES the allegations contained in paragraph 86 of the Complaint.

87. DENIES the allegations contained in paragraph 87 of the Complaint.

88. DENIES the allegations contained in paragraph 88 of the Complaint.

89. DENIES the allegations contained in paragraph 89 of the Complaint.

90. DENIES the allegations contained in paragraph 90 of the Complaint, except ADMITS that Plaintiff sent an e-mail to Stemkoski and Reynolds on October 18, 2012 informing them he was leaving the College, and ADMITS that Reynolds is Vice President for Academic Affairs and Dean of Faculty at Hamilton College.

91. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

2112275.2

92. Repeats and realleges each of the responses set forth above in response to paragraph 92 of the Complaint.

93. DENIES the allegations contained in paragraph 93 of the Complaint.

94. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96. DENIES the allegations contained in paragraph 96 of the Complaint.

97. DENIES the allegations contained in paragraph 97 of the Complaint.

98. ADMITS the allegations contained in paragraph 98 of the Complaint.

99. DENIES the allegations contained in paragraph 99 of the Complaint.

100. DENIES the allegations contained in paragraph 100 of the Complaint.

101. With respect to paragraph 101 of the Complaint, DENIES that the College failed to keep accurate records that it was required to keep.

102. DENIES the allegations contained in paragraph 102 of the Complaint.

2112275.2

103. DENIES the allegations contained in paragraph 103 of the Complaint.

104. DENIES the allegations contained in paragraph 104 of the Complaint.

105. DENIES the allegations contained in paragraph 105 of the Complaint.

106. Repeats and realleges each of the responses set forth above in response to paragraph 106 of the Complaint.

107. DENIES the allegations contained in paragraph 107 of the Complaint.

108. DENIES the allegations contained in paragraph 108 of the Complaint.

109. With respect to paragraph 109 of the Complaint, DENIES that the College failed to keep accurate records that it was required to keep.

110. DENIES the allegations contained in paragraph 110 of the Complaint.

111. DENIES the allegations contained in paragraph 111 of the Complaint.

112. DENIES the allegations contained in paragraph 112 of the Complaint.

113. Repeats and realleges each of the responses set forth above in response to paragraph 113 of the Complaint.

114. DENIES the allegations contained in paragraph 114 of the Complaint.

115. DENIES the allegations contained in paragraph 115 of the Complaint.

116. Repeats and realleges each of the responses set forth above in response to paragraph 116 of the Complaint.

117. DENIES the allegations contained in paragraph 117 of the Complaint.

118. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119. DENIES the allegations contained in paragraph 119 of the Complaint.

120. DENIES the allegations contained in paragraph 120 of the Complaint.

121. DENIES the allegations contained in paragraph 121 of the Complaint.

122. Repeats and realleges each of the responses set forth above in response to paragraph 122 of the Complaint.

123. DENIES the allegations contained in paragraph 123 of the Complaint.

124. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint.

2112275.2

125. DENIES the allegations contained in paragraph 125 of the Complaint.

126. DENIES the allegations contained in paragraph 126 of the Complaint.

127. DENIES the allegations contained in paragraph 127 of the Complaint.

128. Repeats and realleges each of the responses set forth above in response to paragraph 128 of the Complaint.

129. DENIES the allegations contained in paragraph 129 of the Complaint.

130. DENIES the allegations contained in paragraph 130 of the Complaint.

131. DENIES the allegations contained in paragraph 131 of the Complaint.

132. Repeats and realleges each of the responses set forth above in response to paragraph 132 of the Complaint.

133. DENIES the allegations contained in paragraph 133 of the Complaint.

134. DENIES the allegations contained in paragraph 134 of the Complaint.

135. DENIES the allegations contained in paragraph 135 of the Complaint.

2112275.2

136. DENIES each and every allegation of the Complaint not expressly admitted above.

## FIRST DEFENSE

137. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

138. Plaintiff lacks standing to assert some or all of the claims contained in the Complaint.

## THIRD DEFENSE

139. All or some of plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

140. Plaintiff is not entitled to any relief under the FLSA or the New York Labor Law because he was fully and justly compensated for all time he was suffered or permitted to work.

## FIFTH DEFENSE

141. Plaintiff is not entitled to any relief under the FLSA or the New York Labor Law to the extent the alleged work activities which form the basis of his claims, if they occurred, were *de minimis*.

## SIXTH DEFENSE

142. Plaintiff's claims under the FLSA and the New York Labor Law are barred to the extent the activities for which Plaintiff seeks additional compensation are noncompensable preliminary or postliminary activities.

### SEVENTH DEFENSE

143. Defendant has acted in a good faith belief that it is and was complying with all applicable provisions of the Fair Labor Standards Act and New York Law.

### EIGHTH DEFENSE

144. Defendant had and has no intention to violate any provision of the Fair Labor Standards Act or New York Labor Law.  Therefore, Defendant did not and is not willfully violating the Fair Labor Standards Act or the New York Labor Law.

### NINTH DEFENSE

145. To the extent that the plaintiff is or was an "exempt" employee within the meaning of the federal or state law, he is not entitled to any relief under the FLSA or the New York Labor Law.

### TENTH DEFENSE

146. Plaintiff's claims are barred, or his damages should be reduced, to the extent he was paid extra compensation which is creditable towards, or a setoff against, the additional compensation sought in this action, pursuant to the FLSA or otherwise.

### ELEVENTH DEFENSE

147. This case is not appropriate for a collective action under the FLSA because, *inter alia*, plaintiff is not similarly situated to the other members of the purported collective action.

2112275.2

## **TWELFTH DEFENSE**

148. Plaintiff does not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure or applicable New York law.

WHEREFORE, Defendant Hamilton College requests judgment dismissing the Complaint in its entirety, with prejudice, together with costs, disbursements, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:  March 25, 2013                                       BOND, SCHOENECK & KING, PLLC


By:  *s/ Louis Orbach*
     Louis P. DiLorenzo (501344)
     Louis Orbach (507815)
     John S. Ho (509784)
One Lincoln Center
Syracuse, NY 13202
Telephone:  (315) 218-8000
Fax:  (315) 218-8100

Attorneys for Defendant,
 Hamilton College

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 25, 2013, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    Robert W. Ottinger, Esq.
    The Ottinger Firm, P.C.
    20 West 55th Street, 6th Floor
    New York, NY 10019
    E-mail:  robert@ottingerlaw.com

    *Attorneys for Plaintiff*


                           *s/ Louis Orbach*

2112275.2